# IN THE COURT OF APPEALS OF IOWA

No. 16-0358
Filed March 8, 2017

IN THE MATTER OF GUARDIANSHIP
OF B.E.W.,
Minor child,

JAMES FORD and CHRISTIAN FORD,
        Appellants,

vs.

KIMBERLY STEFFENSMEIER and JEFF STEFFENSMEIER,
        Intervenors-Appellees.
_____

        Appeal from the Iowa District Court for Jones County, Lars G. Anderson,

Judge.


        Former guardians appeal the district court's decision to appoint successor

guardians for a minor child.  **AFFIRMED.**


        Christopher M. Soppe of Pioneer Law Office, Dubuque, for appellants.

        Rachel R. McCrate of Gray, Stefani & Mitvalsky, P.L.C., Cedar Rapids, for

appellees.

        Deborah M. Skelton, Walford, guardian ad litem for minor child.


        Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**VOGEL, Presiding Judge.**

James and Christian Ford, former guardians of a minor child, appeal the district court's decision to transfer the guardianship to Kimberly and Jeff Steffensmeiers, the maternal aunt of the child and her husband. Agreeing that the transfer was in the child's long-term best interests, we affirm.

**Background Facts and Proceedings.**

B.E.W. was born in 2009 to Sarah Weaver, n/k/a Sarah Webster, who struggled with many issues that affected her ability to care for B.E.W. In 2011, those issues resulted in her agreeing to a temporary guardianship of B.E.W. with the Fords.[1] The child was fortunate that the Fords and the Steffensmeiers had a good relationship, such that she bonded with both couples and was comfortable in both homes. Because Webster's life took a different path, including living out-of-state for a time, preventing Webster from seeing B.E.W. regularly, the Fords decided in July 2014 to petition to have Webster's parental rights terminated on the grounds of abandonment under Iowa Code section 600A.8(3) (2014). Meanwhile, in September 2014, Webster sought to terminate the guardianship, but that matter was continued to allow the termination proceeding to be resolved. After a hearing on the Fords' petition to terminate Webster's parental rights, the district court found by order dated December 8, 2015, the guardians, while having provided good care for the child, had prevented Webster from having contact with her child and denied the petition.

In January 2015, the Steffensmeiers filed a combined motion to intervene in the guardianship proceedings along with seeking to have the guardianship

---

[1] The child's biological father has not been part of her life and is not part of this case.

transferred to them. In July 2015, the court granted their motion to intervene. In December 2015, the guardianship matter came on for a two-day trial. Webster sought to terminate the guardianship or, in the alternative, have the guardianship transferred to the Steffensmeiers; the Fords sought to continue on as the child's guardians; the Steffensmeiers sought to have the guardianship transferred to them. The district court denied Webster's application to have the guardianship terminated and found it was in the best interests of the child to transfer the guardianship to the Steffensmeiers. The Fords appeal.[2]

**Scope of Review.**

This case was heard by the district court in equity originating as a petition to terminate a guardianship. While that issue is not on appeal, the remaining issue of the transfer of guardianship was also tried in equity. *See* Iowa Code § 633.33 ("[A]ll other matters triable in probate shall be tried by the probate court as a proceeding in equity."). Thus, our review is de novo. Further, because we are reviewing the transfer of guardianship, which is in essence a child-custody dispute, the determinative factor is the best interests of the child. *In re Guardianship of Knell*, 537 N.W.2d 778, 780 (Iowa 1995); *In re Guardianship of Sams*, 256 N.W.2d 570, 572 (Iowa 1977).

**Transfer of Guardianship; Best Interests of the Child.**

The fighting issue on appeal is whether the district court was correct in transferring the guardianship of B.E.W. from the Fords to the Steffensmeiers. The Fords argue that B.E.W.—who was just six years old at the time of trial—

---

[2] Webster attempted to cross-appeal, but her appeal was neither timely nor adequately taken, and it was therefore dismissed by our supreme court.

had been in their care for more than four years and was bonded to them. Transferring guardianship from them, in their opinion and as supported by their witnesses, would be unnecessarily disruptive and lead to further distress in this young child. As B.E.W.'s mother, Webster conceded she had no bond with the child but believed B.E.W. should live with the Steffensmeiers in the hope a mother-daughter bond could be established. Realizing that she may never be in a position to parent the child, Webster's fallback position was for the Steffensmeiers to be B.E.W.'s guardians and eventually adopt her. The Steffensmeiers, who had frequently cared for B.E.W. during agreed upon visitation weekends, were bonded with her. They believed the child needed greater stability than the Fords had been able to offer and the child should be with family. Should they assume guardianship, they asserted they could support a continued relationship between B.E.W. and the Fords, as well as cultivating a renewed relationship between B.E.W. and Webster.

The district court set forth all parties' positions and detailed the various supporting testimony and evidence. The court found that while the guardianship should not terminate, it was in B.E.W.'s best interests to attempt to establish a relationship with her mother. The court commended the Fords: "Without promise of personal gain or reward, they have undertaken the extremely difficult task of raising a young girl with behavioral difficulties. By most accounts they have done an excellent job." However, the court also found the Fords "thwarted" Webster's attempts to reestablish a mother-daughter relationship, and finding the Fords' testimony to be lacking in credibility, the court determined the Fords may "sabotage" any future contact or relationship. The court then concluded the

Steffensmeiers, who had a good relationship with Webster, "would be able to ensure maximum contact between B.E.W. and [Webster]." With the Steffensmeiers also having a good relationship with the Fords and willing to continue B.E.W.'s contact with the Fords, the court found it was in B.E.W.'s best interests to have the Steffensmeiers appointed as successor guardians. It then set forth a visitation schedule so that the Steffensmeiers, the Fords, and Webster would each have time with B.E.W., similar to a visitation schedule in a dissolution of marriage scenario.

The Fords assert the district court failed to take into account their evidence that B.E.W. would likely suffer additional trauma if B.E.W. were to be moved to another home when new guardians were appointed. But the district court sorted out all the testimony as to what was in B.E.W.'s best interests now and moving forward. On our de novo review, we agree with the district court that although changing guardians requires B.E.W. to move from one home to another, her long-term best interests will be better served with the Steffensmeiers. As the district court noted, this child is surrounded by several good people, all offering her their love but not all are equipped or willing to put B.E.W.'s best interests ahead of their own. *See In re Guardianship of Roach*, 778 N.W.2d 212, 214 (Iowa Ct. App. 2009) ("It is not a strong-arm contest of the adults involved, but a review of the factors that will best serve [the child]'s immediate and long-term needs."). The Steffensmeiers acknowledged the strong relationship B.E.W. has with the Fords and recognized that Webster may be able to reestablish a relationship with her daughter. We agree the Steffensmeiers are

best equipped to assure B.E.W.'s present stability, as well as to support B.E.W.'s relationships with these other very important people in her life.

**Attorney Fees.**

The Steffensmeiers request appellate attorney fees. We consider the relative financial positions of both parties and the obligation to defend the district court's decision on appeal. *In re Guardianship of G.G.*, 799 N.W.2d 549, 554 (Iowa Ct. App. 2011). We award the Steffensmeiers $2000 appellate attorney fees assessed against the Fords.

**AFFIRMED.**